1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  DAVID THOMPSON,<br>CDCR# AU-9252,<br><br>12                              Plaintiff,<br>13<br>14  v.<br><br>15  CALIFORNIA PRISON INDUSTRY<br>16  AUTHORITY; CALIFORNIA<br>DEPARTMENT OF CORRECTIONS<br>17  AND REHABILITATION; RJD- CF<br>18  WARDEN; DOES 1-10 CDCR AND<br>PIA OFFICIALS,<br>19                              Defendants.<br>20 | Case No.:  25cv1224-LL-VET<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE<br>TO PROCEED IN FORMA PAUPERIS<br>[ECF No. 2]**<br><br>**AND**<br><br>**(2) SCREENING COMPLAINT<br>PURSUANT TO 28 U.S.C. § 1915(e)(2)<br>AND 28 U.S.C. § 1915A(b)** |

21

22          Plaintiff David Thompson ("Plaintiff"), currently incarcerated at the Substance

23  Abuse Treatment Facility and State Prison in Corcoran, California, and proceeding pro se,

24  has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 arising from events that

25  occurred during his previous confinement at the R.J. Donovan Correctional Facility

26  ("RJD") in San Diego, California. ECF No. 1. Plaintiff did not pay the filing fee required

27  by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead,

28  he has filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.

§ 1915(a), which is accompanied by a copy of his inmate trust account statement. ECF Nos. 2–3. For the reasons below, the Court grants Plaintiff's IFP motion and dismisses the Complaint for failure to state a claim upon which relief may be granted.

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, all prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). A prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce*, 577 U.S. at 84.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Plaintiff's prison certificate shows an average monthly balance of $8.87 and average monthly deposits of $8.42, with an available balance of $0.54. ECF No. 2 at 2. Therefore, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $1.77, but the initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Plaintiff is required to pay the balance of the $350 filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.    Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## B.  Allegations in the Complaint

Plaintiff alleges that on July 30, 2024, while he was working for the California Prison Industry Authority ("PIA" or "CALPIA") Laundry at RJD, he "was forced to ride on the back of a forklift as a counter[-]weight to stabilize heavy machinery, which was too heavy for the forklift to lift." ECF No. 1 at 3. He asserts that "[t]his action created an extremely hazardous condition, causing [him] to fear for his life." *Id.*

Afterwards, Plaintiff filed a complaint with "PIA Headquarters" via email and received a response "instructing him to file a CALPIA 602 grievance." *Id.* After filing that grievance as directed, Plaintiff asserts PIA "refused to process it, instead direct[ing] him to file it within the Prison." *Id.* Plaintiff explains that he also filed a CDCR 602, which "was denied claiming 'Lack of Jurisdiction.'" *Id.* Plaintiff claims that during his attempt to appeal, he was "repeatedly stonewalled by CDCR and PIA," which prevented him from exhausting his administrative remedies, "deliberately obstructed" his right to a grievance process and left him "without legal recourse." *Id.*

Plaintiff seeks to proceed with three claims against Defendants CALPIA, the California Department of Corrections and Rehabilitation ("CDCR"), the Warden of RJD, and Does 1-10 CDCR and CALPIA Officials in both their official and individual capacities. *Id.* at 2. Plaintiff alleges (1) an Eighth Amendment violation against Defendants CALPIA Supervisor John Does 1-4, CDCR and CALPIA for deliberate indifference to his safety in forcing Plaintiff to ride on the back of the forklift without regard for the risk of harm, (2) a Fourteenth Amendment violation against Defendants CDCR, CALPIA and Does 1-10 for denial of due process arising from the denial of access to a "functioning grievance procedure" and failure to process his complaints and grievances, and (3) a First Amendment violation against Defendants CDCR, CALPIA and Does 1-10 for "Retaliation/Interference with Grievances." *Id.* at 2–4.

Plaintiff seeks (1) an order declaring the asserted Constitutional violations and directing Defendants to "properly process" his grievances, (2) compensatory and punitive damages, and (3) for Defendants to pay all filing and court fees, in addition to any other relief the Court decides is appropriate. *Id.* at 4.

### C.  <u>Discussion</u>

As an initial matter, Plaintiff may not proceed against Defendants CALPIA/PIA or CDCR because they are not "persons" subject to suit under § 1983. *See Devereaux*, 263 F.3d at 1074 (Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."); *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."), citing *Will*, 491 U.S. at 70; *Burleson v. State of California*, 83 F.3d 311, 312 (9th Cir 1996) ("The California Legislature created the PIA in 1982 to replace the old prison industries program administered directly by the Director (the 'Director') of the California Department of Corrections ('CDC').")

Nor may Plaintiff proceed with a claim for damages against CALPIA/PIA, CDCR, or any of the Defendants in their "official capacity" because such claims are barred under the Eleventh Amendment. Absent "a waiver by the state or a valid congressional override," *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Department of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26; *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.") Accordingly, The Court dismisses CALPIA/PIA and CDCR as Defendants and dismisses all Defendants to the extent Plaintiff seeks to proceed against them in their official capacities.

The Court will proceed to consider Plaintiff's claims against the remainder of the named Defendants (John Does 1-10 and RJD Warden) only in their individual capacities.

### 1.    Claim 1- Eighth Amendment

Plaintiff alleges Defendants PIA Supervisors Does 1-4 were deliberately indifferent to his safety in violation of the Eighth Amendment when they forced Plaintiff "into unsafe work conditions" by requiring Plaintiff to "ride on the back of a forklift as a human counter[-]weight" despite the "serious risk of harm." ECF No. 1 at 2–4. Again, Petitioner contends that "[t]his action created an extremely hazardous condition, causing [him] to fear for his life." *Id.* at 3.

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.,* quoting *Wilson*, 501 U.S. at 302–03. A prison official must "know[] of and disregard[] an excessive risk to

inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations are insufficient to state a federal constitutional violation under the Eighth Amendment because he fails to plausibly allege the alleged deprivation was "objectively, 'sufficiently serious,'" nor does he plausibly allege that a Defendant had a "sufficiently culpable state of mind" in directing Plaintiff to ride on the forklift. *Id.* at 834, quoting *Wilson*, 501 U.S. at 298. If he wishes to proceed with this claim, Plaintiff must set forth facts which plausibly allege that a Defendant was aware of facts from which they could draw an inference that riding on the back of the forklift presented a substantial risk of serious harm to Plaintiff *and* that they also drew that inference. *Id.* at 837. Additionally, Plaintiff must set forth facts demonstrating that he suffered a sufficiently grave physical injury due to a Defendant's deliberate indifference to the substantial or excessive risk of serious harm. *See Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that the PLRA "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *see also Goode v. Canedo*, S.D. Cal. Case No. 21-cv-2054-GPC-KSC, 2022 WL 16753312, at *6 (S.D. Cal. Nov. 7, 2022) ("The threshold of physical injury necessary is not specified in the PLRA, but courts have interpreted this to require physical injury more than *de minimis*."), citing *Oliver*, 289 F.3d at 628.

Accordingly, Plaintiff's Eighth Amendment deliberate indifference claim against Does 1-10 is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 2.   Claim 2- Fourteenth Amendment

Plaintiff alleges that he was "denied access to a functioning grievance process" in violation of his procedural due process rights and specifically alleges that Defendants Does 1-10 "blocked" him from exhausting his remedies by failing to process his CALPIA 602 and CDCR 602 grievances. ECF No. 1 at 4.

///

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Liberty interests protected by the Due Process Clause for incarcerated persons "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff has not stated a due process claim based on the asserted failure to properly process his grievances and complaints because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.") As such, Defendants' asserted failure to properly process his grievances and complaints does not state a claim under 42 U.S.C. § 1983.

Plaintiff's Fourteenth Amendment due process claim against Does 1-10 is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 3.    Claim 3- First Amendment

Plaintiff alleges "Retaliation/Interference with Grievances," and specifically claims that Defendants Does 1-10 "obstructed his grievances to discourage further complaints." ECF No. 1 at 4.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005).

Plaintiff does not allege that any Defendant took an "adverse action" because of his protected conduct in filing grievances, but instead only generally and vaguely contends that the Defendants "stonewalled" his appeals and thereby "obstructed" his attempts to exhaust administrative remedies. ECF No. 1 at 3. Yet, Plaintiff fails to offer any *factual* allegations showing Defendants obstructed or delayed in processing his grievances, nor does he offer factual allegations plausibly demonstrating that any Defendant took any action because of his protected conduct. *Rhodes*, 408 F.3d at 567–68; *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Here, it instead appears Plaintiff's allegations of obstruction are premised largely on the fact that his grievances were not favorably resolved, rather than alleging any adverse action by a Defendant. If Plaintiff wishes to proceed with a 42 U.S.C. § 1983 claim based on retaliation, he must set forth facts which plausibly allege a Defendant took an adverse action because of Plaintiff's protected conduct which chilled Plaintiff's exercise of his First Amendment rights *and* which did not reasonably advance a legitimate correctional goal, as opposed to simply alleging obstruction with respect to resolution of the grievances themselves. *Rhodes*, 408 F.3d at 567–68.

Accordingly, Plaintiff's First Amendment retaliation claim against Does 1-10 is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 4.    Defendant RJD Warden

To the extent Plaintiff seeks to hold the Warden of RJD liable for any asserted constitutional deprivations as to Claims 1-3, he also fails to state a claim for relief. "A supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d

1202, 1207 (9th Cir. 2011)). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted).

Here, Plaintiff only generally indicates the RJD Warden is "[r]esponsible for inmate safety," ECF No. 1 at 2, but he does not name the Warden nor makes any specific allegations as to any claimed action or inaction by the Warden in any of the enumerated claims, nor does Plaintiff allege a constitutional violation caused by either the Warden's action or lack of action. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") Thus, because Plaintiff fails to state any action or inaction by this Defendant relating to the asserted constitutional violation, the Warden must be dismissed from this action.

### 5.  Leave to Amend

Given Plaintiff's pro se status, the dismissal is with leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.  Conclusion and Order

 Good cause appearing, the Court:

(1) **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

(2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $1.77 initial filing fee assessed, *if those funds are available at the time this order is executed*, and forward whatever balance remains of the $350 owed in monthly payments in an amount equal to twenty (20%) percent of the preceding month's income to

the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2).

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

(4) **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's First Amended Complaint must be complete by itself without reference to any prior version of his pleading, and any defendants not named and any claims not re-alleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  July 10, 2025

Honorable Linda Lopez
United States District Judge

25cv1224-LL-VET